COZADD *v.* PARROTT.

FRAUDULENT CONVEYANCES—BILL IN AID OF EXECUTION—EVIDENCE
—SUFFICIENCY.

> On a bill in aid of execution to set aside the conveyance of
> certain lots by the debtor to his present wife, in pursuance
> of an ante-nuptial contract whereby she paid about one-
> half of the value of the lots at the time of the transfer,
> said conveyance being alleged to be in fraud of plaintiff's
> rights as a creditor, testimony that the debt represented
> by the judgment is a part of the cost of constructing a
> house upon the premises in question, and that defendant
> did not intend to pay the debt, *held,* to justify the decree
> of the court below setting aside said conveyance, but
> subject to the claim and lien of the wife for the amount
> paid.

Appeal from Oakland; Smith, J. Submitted June
5, 1919. (Docket No. 64.) Decided July 17, 1919.

Bill in aid of execution by Charles C. Cozadd against
William T. Parrott and another. From a decree for
plaintiff, defendants appeal. Affirmed.

*Perry & Lynch,* for plaintiff.

*Fitzgibbon & Quail,* for defendants.

OSTRANDER, J. The bill is filed in aid of execution.
It charges that on April 13, 1916, plaintiff recovered
a judgment before one of the justices of the peace in
and for the county of Wayne against defendant Wil-
liam T. Parrott for $323 damages and $6.45 costs of
suit, that on or about April 26, 1916, plaintiff caused a
transcript of said judgment so rendered to be filed in
the circuit court for the county of Oakland "pursuant
to the statute in such case made and provided," that
previous to the rendition of said judgment said William

T. Parrott was the owner in fee simple of lots 4 and 5 of the University subdivision of the village of Orion, according to the plat thereof, that on April 26, 1916, a writ of *fieri facias* was issued, directed to the sheriff of Oakland county, where such real estate is situated, that William T. Parrott is a resident of Wayne county and has no goods or chattels in Oakland county, that on June 26, 1916, the sheriff levied said execution on said lots. It is further charged that prior to the rendition of said judgment, but after the indebtedness had accrued, and on December 22, 1915, defendant William T. Parrott made a pretended conveyance of said lands to Minerva J. Little, the other defendant, for the pretended consideration of one dollar, recorded in the office of the register of deeds for Oakland county, that the conveyance was not real, but was a sham, made with the intention of defrauding plaintiff out of his just demands, that no consideration was paid by said Minerva J. Little to said William T. Parrott for said conveyance and that the said premises are now held by said Minerva J. Little in trust for said William T. Parrott and for his use and benefit and for the purpose of preventing a levy and sale of the land under and by virtue of said execution, that since the making of said pretended conveyance the said William T. Parrott and Minerva J. Little have intermarried and said Minerva J. Little is now Minerva J. Parrott.

Five interrogatories are incorporated in the bill, which are:

"1st. For what purpose was the said lots 4 and 5 of the University subdivision of the village of Orion aforesaid conveyed to said Minerva Parrott by said William T. Parrott?

"2d. How much money was paid by the said Minerva Parrott to the said William T. Parrott for said lands?

"3d. If anything other than money was received as

a consideration for said land, state specifically in what the same consisted?

"4th. How much money has been at any time paid by the said Minerva Little to the said William T. Parrott for said lands?

"5th. Please state in what form the consideration for said lands was paid, if by check, the date and amount and the banks upon which the same was drawn, and if cash, what disposition was made of the money and where the same was deposited?"

The prayer is that the said conveyance of said lots may be set aside and vacated and declared to be null and void and that plaintiff be authorized to proceed upon his writ of *fieri facias,* or issue another writ as may be necessary, and the sheriff be directed to proceed to levy upon, advertise and sell the said lands and premises for the payment and satisfaction of plaintiff's said judgment.

. There is a joint and several answer, in which, denying some of the material facts charged in the bill, the interrogatories are answered as follows:

"1st. Said land was conveyed to the said Minerva Little in accordance with a certain ante-nuptial agreement and settlement entered into by Minerva Little and Wm. T. Parrott.

"2d. Said Minerva Little paid this defendant in money, the sum of $1,012.31, the other considerations for said land being a promise to marry and a waiver by Minerva J. Little of her right of dower in the estate of this defendant.

"3d and 4th. This defendant considers interrogatories 3 and 4 answered in interrogatory 5, money received as above set forth was deposited in Dime Savings Bank, Detroit, Michigan."

The cause coming on to be heard in open court, testimony was introduced and a decree was entered setting aside the said conveyance, but subject to the claim and lien of Minerva J. Parrott for $1,012.31, and the sheriff is authorized to proceed to advertise

and sell the premises in default for 30 days of the payment of the amount of the said judgment and costs.

At the hearing, counsel for plaintiff made a statement of the case, not very complete, and when he had concluded counsel for defendant said:

"Counsel concedes those statements. I don't know that there is anything more for us to say. That is correct as far as the obtaining of a judgment is concerned and the consideration—"

The testimony includes that of the file clerk in the office of the clerk of Wayne county, who testified:

"I have the files of this case with me, transcript 7461. The suit was brought against Wm. T. Parrott in the justice court of the city of Detroit, in April, 1916, on a note and a judgment for $323.00 and costs $6.75, was rendered against Wm. T. Parrott in favor of Charles Cozadd on April 13, 1916."

The register of deeds for Oakland county was called and testified:

"On page 292, liber B, there was a levy on the property covered by the bill of complaint, on the 26th day of June, 1916."

This is the proof, and all of it, of a judgment and levy. There is no proof of a transcript, how it was taken, from what court to what court. The bill alleges a transcript from a justice of the peace of Wayne county filed in the circuit court for Oakland county, pursuant to the statute. This allegation is not admitted by the answer. It is said in the brief for the appellants that there is no machinery of law whereby plaintiff can obtain a transcript from the Wayne county justice and file it directly with the Oakland circuit court. No question was made at the hearing that there was any infirmity in the proceedings leading up to the issue of the execution and the levy. In the brief for appellee it is said:

"As to the contention now raised in appellants' brief as to the method of procedure we have only this to say. We have made no investigation as to whether or not his contention is accurate but we believe our procedure to have been the correct one and besides the judgment in question and all the proceedings in regard to the same were admitted on the trial without any objection and without the point in question being raised and if there were any force in their contention it cannot be raised now."

We cannot say what proof would have been made if timely objection had been made.

Plaintiff further offered the record of a deed from William T. Parrott to Minerva J. Little, dated December 22, 1915, and recorded December 29, 1915, and rested. We shall assume, as counsel and the court below assumed, that the only question to be determined was the one arising upon the merits.

It appears that on or about November 1, 1915, the parties defendant made an agreement which reads as follows:

"This agreement entered into this 1st day of November, A. D. 1915, by and between William T. Parrott and Minerva J. Little, both of the city of Detroit, Michigan.

"Whereas the respective parties hereto, both being unmarried, do hereby mutually agree and solemnly promise to marry each other. In further consideration of the mutual promises of marriage hereby mutually offered and hereby accepted, the said William T. Parrott hereby agrees to deed to Minerva J. Little and hereby does settle upon the said Minerva J. Little, lots four (4) and five (5) of the University subdivision in the village of Orion, State of Michigan, as and for an ante-nuptial agreement and settlement, and the said Minerva J. Little agrees to pay said William T. Parrott the sum of one thousand twelve and 31/100 dollars ($1,012.31), the receipt of which is hereby acknowledged by the said William T. Parrott, for said property in acceptance of said ante-nuptial settlement

and said Minerva J. Little hereby agrees to waive her right of dower in the estate of William T. Parrott.

"The covenants contained in the above ante-nuptial settlement and agreement are hereby mutually offered and accepted.

"WILLIAM  T.  PARROTT,
"MINERVA  J.  LITTLE.

"In presence of:
    "J. GILBERT QUAIL."

There is proof that Minerva J. Little paid defendant William T. Parrott $1,012.31 and that the deed executed in December was executed pursuant to the said agreement and payment. Defendant William T. Parrott testified, among other things, as follows: .

"*Q.* At the time you made this deed, in December, 1915, you conveyed away all the property that there was any record of that you owned?
"*A.* Yes, sir.
"*Q.* The consideration was $1,031?
"*A.* Yes, sir.
"*Q.* Do you think that was a valuable consideration for it?
"*A.* No, sir.
"*Q.* Then, why did you make it?
"*A.* Because Mrs. Little had more interest in the property than I had and was done so she would be protected.
"*Q.* You knew the notes were outstanding?
"*A.* Yes, and I intended to pay them.
"*Q.* What is a fair value for the property at the time the deed was made, not now?
"*A.* Probably $2,000 or $2,200."

There was testimony that at the time of the hearing the property was worth from $3,000 to $3,500. There is testimony, too, that the debt represented by the judgment is a part of the cost of constructing the house upon the premises in question, for which William T. Parrott gave his notes to the builder, and that defendant William T. Parrott did not intend to pay the notes, which were merged in the judgment,

because he considered himself aggrieved by conduct of the builder, whose work he claims was not all satisfactory.

We are impressed that there was testimony supporting the decree which, as has been pointed out, secures to Minerva J. Parrott a lien upon the premises for the money she paid as consideration for the deed to her.

The decree will therefore be affirmed, with costs to appellee.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.